IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LONNIE BERNARD DAVIS,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　No. 11-2667-JDT-tmp

SAMUEL H. MAYS, JR.,

    Defendant.

ORDER DENYING MOTION FOR FILING FEE REIMBURSEMENT

    Plaintiff Lonnie Bernard Davis, Bureau of Prisons registration number 14880-057, an inmate at the United States Penitentiary in Coleman, Florida, filed a pro se complaint against United States District Judge Samuel H. Mays, Jr. On August 5, 2011, the court granted Plaintiff's motion to proceed *in forma pauperis* and assessed the filing fee in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). Subsequently, the complaint was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), and judgment was entered in favor of Judge Mays on August 11, 2011.

    Plaintiff now seeks reimbursement of the filing fee on the ground that Judge Mays was never served with process [DE# 34]. The motion is DENIED.

    The payment obligation under the PLRA attaches when a prisoner files a non-habeas civil complaint and is not affected by the subsequent dismissal of the complaint. See McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (implicitly overruled on separate grounds in part by Jones v. Bock, 549 U.S. 199 (2007), and explicitly overruled by LaFountain v. Harry, 716 F.3d 944 (6th Cir. 2013)). Although portions of McGore have since been modified and/or overruled, the referenced holding has not.

In *In re Alea*, 286 F.3d 378, 381–82 (6th Cir.2002), the Sixth Circuit reiterated that even a voluntary dismissal does not eliminate a prisoner's obligation to pay the filing fee because the financial obligation under the statute attaches at the moment that the complaint is filed. Thus, subsequent dismissal of the case has no impact on the prisoner's financial responsibility. Id. (citing McGore, 114 F.3d at 607); *cf.* Goins v. Decaro, 241 F.3d 260, 261 (2nd Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event an appeal is withdrawn. That is not surprising, since a congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation and citation omitted).

Accordingly, the motion for reimbursement is DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE